WHITE EARTH CREAMERY COMPANY, a Corporation, Dissolved, by Mary E. Zirbes, J. Altenthaler, J. W. Bolyard and Andrew Aardahl, Trustees, Respondents, v. K. E. EDWARDSON and Forrest Rice, as Sheriff of Mountrail County, North Dakota. Appellants.

(191 N. W. 622)

**Attorney and client — attorney cannot subject adverse interest in client's property for own advantage; attorney purchasing assignment of client's mortgage became trustee subject only to lien for such fees or services due him.**

Where an attorney at law has acted as an attorney for, and an officer of, a creamery association in collecting notes which should be, and were, applied as collected upon a mortgage given by such creamery, and where, while so acting, he purchased and received an assignment of such mortgage and thereafter foreclosed such mortgage for his own benefit, it is *held:*

(a) That, in keeping with the good faith required of the relationship, he could not purchase an adverse interest in his client's property for his advantage prejudicial to his client's interest.

(b) That by purchasing such mortgage he became a trustee for his client subject only to a lien for such fees or services as might be due him.

Opinion filed December 29, 1922.

Attorney and Client, 6 C. J. § 208, p. 682, n. 89, 91; Trusts, 39 Cyc. p. 185, n. 71.

Action in District Court, Mountrail County, *Lowe, J.,* to enjoin the issuance of a sheriff's deed.

Defendant appealed from the judgment.

Case remanded.

*Nestos & Herigstad,* for appellants.

*McGee & Goss,* for respondents.

### Statement.

BRONSON, J.   This is an action to enjoin the issuance of a sheriff's deed and to invalidate the foreclosure of a real estate mortgage. The facts are:   The plaintiff corporation was established as a co-operative

Note.—On right of attorney to purchase adverse interest in subject matter of employment, see 2 R. C. L. 970, et seq. 1 R. C. L. Supp. 669; 4 R. C. L. Supp. 130; 5 R. C. L. Supp. 119.

creamery at White Earth in 1911. It bought two lots in White Earth, North Dakota, and erected thereon a creamery building. It gave certain notes to one Marlott and a mortgage upon the creamery to secure the same. The shareholders in the creamery, to evidence their payments, paid cash and gave notes for their subscriptions. Defendant Edwardson was an attorney at law practising at White Earth. He was a shareholder and acted as secretary of the creamery until June, 1914. Defendant, as secretary, collected moneys for these notes and made payments to Marlott upon the mortgage from time to time. After he ceased to be secretary he received and had these notes for collection and made collections thereupon from time to time. An assignment of the Marlott mortgage, dated Jan. 3d, 1917, was made to Edwardson. Defendant testified that he paid $850 for this assignment. He continued making collections upon the notes until the amount of the mortgage remaining unpaid amounted to $225. In April, 1919, defendant foreclosed this mortgage by advertisement. He became the purchaser at the sale for the sum of $225. A sheriff's certificate was issued to him. Defendant charged the creamery company collection fees upon the notes collected by him. There is some evidence, rather indefinite, to the effect that the creamery had given a second mortgage for $1,188 to defendant and two other parties, which amount defendant advanced or paid; that he has been paid about $675 thereon; but he testified that the assignment of the Marlott mortgage was not taken to secure or enforce payment of this mortgage. The complaint, in the first cause of action, seeks to set aside the foreclosure and to enjoin the issuance of a sheriff's deed, upon the ground that the shareholders had no knowledge of the sale until after its completion; that the property is worth over $4,000, and that the defendant received the mortgage and exercised the power of sale in bad faith and in fraud of the shareholders of the creamery. For a second cause of action, it alleges that, as secretary and treasurer of the company, the defendant received moneys for which he had made no accounting and for which an accounting is demanded. Defendant, in his answer, alleges that the property is worth not more than $2,000; that he received the assignment of the mortgage for a valuable consideration and that he did not receive moneys sufficient to pay up the mortgaged indebtedness to Marlott. The charter of the creamery corporation was canceled by the secretary of state in January, 1918. This action

is maintained by some of the directors as trustees for the creamery. The trial court found that, prior to the assignment of the mortgage to defendant, the same had been fully paid, of which defendant had knowledge; that defendant, at the time of the foreclosure, had in his possession $326.80 belonging to the creamery, upon which he was entitled to an offset of $225, the amount then due upon the mortgage, leaving a balance owing the creamery company of $101.80. Judgment, accordingly, was entered determining the foreclosure sale to be void and awarding to plaintiff a judgment of $101.80 against defendant Edwardson. Defendant has appealed from the judgment and has demanded a trial de novo.

## Opinion.

The record is both brief and indefinite. Practically the only competent testimony is that given by the defendant Edwardson under cross-examination. Upon the record it is difficult, if not impossible, to ascertain the amount due on the mortgage, at the time of assignment or of foreclosure. Defendant admits that there was only $225 due on the mortgage at the time of the foreclosure. From the statements that he rendered it appears that he charged collection fees to the creamery company upon the notes amounting to over $300. From his testimony he claims that these notes were turned over to him by the creamery, through the bank, for collection purposes; that he collected such notes for the creamery. In the entire transaction, from the testimony of defendant Edwardson himself, these outstanding facts appear: Defendant Edwardson assumed to act, and did act, as an officer or attorney for the creamery in collecting the notes before and after the assignment. During this time, and while this relation continued, he purchased this mortgage from Marlott, upon which the collections, made or to be made by him upon the notes, were to be applied for the reduction and satisfaction of such mortgage. His position required the exercise of the utmost good faith. 2 R. C. L. 966. The property mortgaged was the property of his employer or client. He, as a shareholder, had an interest therein. In keeping with the good faith required of this relationship defendant could not purchase an adverse interest, the mortgage upon his client's property, for his advantage prejudicial to his client's interests. By purchasing such assignment of the mortgage he became a

trustee for his client, the creamery, subject only to a lien for such fees as might be due to him. See 6 C. J. 682; 2 R. C. L. 967, 968, 970; Gates v. Kelley, 15 N. D. 639, 110 N. W. 770; Patterson Land Co. v. Lynn, 27 N. D. 391, 147 N. W. 256.

Properly, the trial court determined the foreclosure to be illegal and void. However, upon the evidence in its present shape we are of the opinion that a judgment for money against the defendant, as if upon an accounting had should not be sustained. It is our opinion that equitably the judgment should decree a satisfaction and cancelation of the mortgage, contingent upon the payment of such fees and moneys, if any, as the defendant may establish to be due him upon a full accounting, with the further right of the trial court to render specific judgment for money due the plaintiff, if any, upon such accounting. The case, accordingly, is remanded for further proceedings consonant with this opinion and without costs to either party.

BIRDZELL, Ch. J., and ROBINSON, CHRISTIANSON, and GRACE, JJ., concur.